## Travelers Preferred Accident Association v. C. S. McKinney.

57  141
57  583
57  141
67  632
57  141
80  513

1. EVIDENCE—*Contrary Statements out of Court.*—In order to introduce in evidence a previous statement made by a witness for the purpose of impeaching his veracity upon material points, concerning which such witness has testified, he should have his attention called to the subject and given an opportunity to recollect the facts and correct his former statement, or to explain its nature, circumstances and meaning.

**Memorandum.**—Assumpsit on an accident policy. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed December 20, 1894.

LOUIS SHISSLER, attorney for appellant.

WILLIAMS & MACLAREN, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This suit was to recover for a disability suffered by appellee under the terms of a policy against accident issued to him by the appellant.

The case presents unusual and interesting questions, which, except for one error, so serious as to demand a reversal, it would be pleasurable and, possibly, profitable to discuss, but which a remanding of the cause for another trial makes unnecessary and, perhaps, improper.

The accident occurred at New Berne, North Carolina, and consisted in, or arose from, the swallowing of a piece of fractured beef bone by appellee when eating soup at dinner.

As soon as severe pain resulted, a resident physician, one Doctor N. H. Street, was called by appellee to administer unto him, and who attended him for about three weeks and until the appellee left New Berne for his home in Nashville, Tenn. Among the proofs of his injury, the appellee presented to the appellant company a sworn statement, or affi-

davit, of the said physician, wherein was stated the cause, nature and extent of the injury, the method and length of time of the treatment, and the general effect of the injury upon the patient.

Subsequently and before the trial, the deposition of the same physician, Dr. Street, was taken in behalf of the appellant and read upon the trial. The appellee also testified by deposition, and there being a decided conflict between the testimony of the appellee and that of Dr. Street, the appellee was permitted, over the objection of the appellant, to read in evidence the previous sworn statement, or affidavit, of Dr. Street, which was filed with the preliminary proofs of injury furnished to the appellant as aforesaid, for the purpose of contradicting or impeaching the evidence he gave by deposition.

There was no attempt made by appellee at the taking of Dr. Street's deposition to call his attention to ,his previous sworn statement, as there should have been, if appellee desired to use that statement for the purpose of contradicting him.

The direct tendency of certain statements made by Dr. Street in his sworn statement, was to impeach his veracity upon material points concerning which he testified by deposition; and before the appellee was so entitled to impeach Dr. Street, he should have had his attention called to the subject, and have been given an opportunity to recollect the facts and correct his former statement, or to explain its nature, circumstances and meaning. Perishable F. T. Co. v. O'Neil, 41 Ill. App. 432; N. C. S. R. R. Co. v. Cottingham, 44 Ill. App. 46; In re Noble, 124 Ill. 266; Greenleaf on Evid., Sec. 462.

The effect of such impeaching evidence was calculated to and not unlikely did, cause the jury to entirely reject the evidence of Dr. Street given by deposition, and thereby work material harm to the appellant.

For that error the judgment of the Circuit Court will be reversed and the cause remanded.