## Fidelity and Casualty Co. v. Minnie E. Weise.

1. WORDS AND PHRASES — *Immediate Notice.*—The term "immediate notice" means notice within a reasonable time, and whether such notice was given is a question for the jury.

2. INSTRUCTIONS—*Insanity and Suicide—Precedents.*—The court recites the instruction in this case upon the questions of insanity and suicide, in the opinion, and approves the same, "finding no substantial error in any of them."

3. PRESUMPTIONS—*In Favor of Sanity and Against Suicide.*—The legal presumption is always in favor of sanity and against suicide.

4. BURDEN OF PROOF—*Upon the Party Alleging Insanity.*—The law presumes the fact of sanity, and the burden is cast upon the party alleging insanity to establish it, by a preponderance of proof.

5. INSURANCE—*Presumption Against Suicide.*—Where the plaintiff makes a *prima facie* case that the death of the assured was occasioned by violent and external means, the legal presumption arises that it was accidental and not suicidal.

6. SUICIDE—*An Affirmative Defense.*—Suicide is an affirmative, defense, and must be proved by a preponderance of the evidence.

7. PRACTICE—*Offers of Proof.*—Counsel have the right to make an offer of proof, for the two-fold purpose of informing the court of what is expected to be proved, and of preserving an exception to the exclusion of the offered evidence.

8. AD DAMNUM—*Objections that a Verdict Exceeds It, Must be Made in the Court Below.*—Objection that verdict exceeds the *ad damnum* must be made in the trial court; it can not be urged for the first time in the Appellate Court.

Assumpsit, on a policy of insurance.   Trial in the Circuit Court of Cook County; the Hon. JOHN C. GARVER, Judge, presiding.   Verdict and judgment for plaintiff.   Appeal by defendant.   Heard in this

Court at the October term, 1898. Affirmed. Opinion filed March 16, 1899.

JOHN A. POST and O. W. DYNES, attorneys for appellant.

Definition of an accident. 3 Joyce on Insurance, Sec. 2863; Black's Law Dictionary, 15; Schneider v. Provident Life Ins. Co., 24 Wis. 28; Standard Dictionary (1896), 14; 1 Am. & Eng. Enc. of Law, 82; Langdon v. Bowen, 43 Vt. 512; Brown v. Kendall, 6 Cush. (Mass.) 292; Chase v. Barrett, 4 Paige (N. Y.), 148; Jones v. Woodhull, 1 Root (Conn.), 298; Brown v. Elliott, 17 N. J. Eq. 353; 7 Am. Law Review, 588; 69 Pa. St. 43; 1 Am. & Eng. Enc. of Law, 87, 88; Ripley v. Ry. Passenger Assurance Co., 2 Big. Cases, 738; Mallory v. Travelers' Ins. Co., 47 N. Y. 52; McGlinchey v. Fidelity & Casualty Co., 80 Me. 251; 2 Big. Life & Accident Insurance Cases, 596; Bouvier's Law Dictionary (Rawle's Revision), 61.

A plea of non-assumpsit is a sufficient plea in this case for the introduction of any and all evidence offered by the defendant. 4 Joyce on Insurance, Sec. 3691; O'Brien v. O'Brien, 75 Ill. App. 263; 2 Enc. of Pleading and Practice, 1027-8; Morgantown v. Foster, 35 W. Va. 337; 2 Beach on Insurance, Sec. 1319.

HARBERT, CURRAN & HARBERT and DAVID J. WILE, attorneys for appellee.

Plaintiff's *prima facie* case was made when she introduced the policy, proved premium payment, showed the death of assured by external, violent and accidental means, notice of death and proof thereof according to the policy. Continental Ins. Co. v. Rogers, 119 Ill. 474; Mut. Ben. L. Ins. Co. v. Robertson, 59 Ill. 124; Cronkhite v. Travelers Ins. Co., 75 Wis. 116.

Affirmative defenses must be specially pleaded. 4 Joyce, Ins., Sec. 3691; 11 Ency. Pl. & Pr. 422; Ind., etc., v. Rundell, 7 Ind. App. 426; Coburn v. Travelers Ins. Co., 145 Mass. 226; Mulry v. Mohawk Ins. Co., 5 Gray (Mass.), 541; Orrell v. Hampden Ins. Co., 13 Gray (Mass.), 431; Pierce v. Cohasset Ins. Co., 123 Mass. 572; Freeman v. Travelers

Ins. Co., 144 Mass. 572; Standard L. & A. Ins. Co. v. Jones, 94 Ala. 434; Nat. Ben. Asso. v. Bowman, 110 Ind. 355.

Insanity, suicide, self-inflicted injuries resulting in death, and lack of immediate notice, are affirmative defenses. None of these is specially pleaded, therefore neither of them is available to appellant under the general issue standing alone.    Whitlatch v. Fid. & Cas. Co., 78 N. Y. S. C. 146; 71 Hun, 148; Coburn v. Travelers Ins. Co., 145 Mass. 226, and cases therein cited; Mulry v. Mohawk Ins. Co., 5 Gray (Mass.), 541; Orrell v. Hampden Ins. Co., 13 Gray (Mass.), 431; Pierce v. Cohasset Ins. Co., 123 Mass. 572.

Sanity is presumed and the burden of proving insanity is on him who alleges it. The evidence to prove insanity must be sufficient to overcome the presumption of sanity and any evidence that may be produced in support of the presumption. Proof of sanity must prevail over any presumption of insanity based on the theory of heredity. Green v. Phœnix L. Ins. Co., 134 lll. 310; Argo v. Coffin, 142 Ill. 368; Snow v. Benton, 28 lll. 306.

In the absence of satisfactory proof as to the cause of a violent death, or as to death being accidental or suicidal, the presumption is in favor of the theory of accidental death. Bliss Ins., Sec. 367; May Ins., Sec. 325; 2 Biddle Ins., Sec. 842; 3 Joyce Ins., Sec. 2865; Conn. Mut. L. Ins. Co. v. Akens, 150 U. S. 468; Travelers Ins. Co. v. McConkey, 127 U. S. 661; Acc. Ins. Co. v. Bennett, 90 Tenn. 256; Keels v. Mut. Res. Assn., 29 Fed. Rep. 198; Mallory v. T. I. Co., 47 N. Y. 52; Conadeau v. A. A. Co., 95 Ky. 280; Washburn v. N. A. S. & Co., 10 N. Y. Supp. 366; Star Acc. Co. v. Sibley, 57 Ill. App. 315.

It is too late to raise for the first time in this court, an alleged error, which should have been, but which was not, embraced in the motion for a new trial. Nor can an objection on appeal be based upon grounds different from those stated below. C. & A. R. R. Co. v. Elmore, 32 Ill. App. 418; O. O. & F. R. v. McMath, 91 Ill. 104; Clause v. Bullock Ptg. Co., 20 Ill. App. 113; Hintz v. Graupner, 138 Ill. 158; C. M. B. Assn. v. Baldwin, 49 Ill. App. 203; Kelley v.

Shumway, 51 Ill. App. 634; Stuve v. McCord, 52 Ill. App. 331; Geist v. Pollock, 58 Ill. App. 429; Frame v. Murphy, 56 Ill. App. 555.

In the absence of satisfactory proof as to the cause of a violent death or as to the death being accidental or suicidal, the presumption is in favor of the theory of accidental death. Bliss Ins., Sec. 367; May Ins., Sec. 325; 2 Biddle Ins., Sec. 842; 3 Joyce Ins., Sec. 2865; Acc. Ins. Co. v. Bennett, 90 Tenn. 256; Keels v. Mut. Rec. Assn., 29 Fed. Rep. 198.

The presumption is against suicide in favor of death being accidental where the insured had disappeared and was thereafter found in the river. Mallory v. F. I. Co., 47 N. Y. 52; Conadeau v. A. A. Co., 95 Ky. 280; Washburn v. N. A. A., 32 N. Y. St. Rep. 34, 10 N. Y. Supp. 366, noted in 57 Hun, N. Y. 584; Star Accident Co. v. Sibley, 57 Ill. App. 315, citing Chi. R. R. Co. v. Hines, 132 Ill. 161.

MR. JUSTICE ADAMS delivered the opinion of the court.

The action in which the judgment appealed from was rendered was assumpsit on an insurance policy issued to Simon Weise, deceased, insuring him in the sum of $5,000, " against bodily injuries sustained through external, violent and accidental means." The policy contains the following clause :

"If death shall result within ninety days from such injuries, independently of all other causes, the company will pay the principal sum of the policy to Minnie Weise, his wife, if surviving, or, in the event of her prior death, to the legal representatives of the assured." * * * " In case of injuries, fatal or otherwise, wantonly inflicted on himself by the assured or inflicted upon himself or received by him while insane, the measure of this company's liability shall be a sum equal to the premium paid, the same being agreed upon as in full liquidation of all claims under this policy."

The policy was issued subject to the following :

" 5.   Immediate written notice must be given said company at New York City, of any accident and injury for which a claim is to be made, with full particulars thereof,

and full name and address of the insured.    Affirmative
proof of death, or loss of limb or of sight, or of duration of
disability, must also be furnished to said company within
two months from time of death, or of loss of limb or of sight,
or of the termination of disability.    Legal proceedings for
recovery hereunder may not be brought till after three
months from date of filing proofs at this company's home
office, nor brought at all unless begun within six months
from the time of death, loss of limb or sight, or the ter-
mination of disability.    Claims not brought in accordance
with the provisions of the clause will be forfeited to the
company."

The declaration, as originally filed, after setting forth the
policy and the conditions on the back thereof, proceeds as
follows:

"And the plaintiff avers that, at the time of the making of
the said policy, and from thence until the death of the said
Simon Weise, as hereinafter mentioned, she was the wife
of said Simon Weise, and the beneficiary mentioned in said
policy; that on the fifth day of July, 1893, the said Simon
Weise suffered bodily injuries, sustained through external,
violent and accidental means, *to wit, by means of a pistol
wound in the head, inflicted upon him by some person or
persons unknown,* from which his death resulted on the
day last aforesaid; and the plaintiff further avers that she is
the legal holder of said policy; that immediately after the
death of said Simon Weise, to wit, on the thirteenth day of
July, 1893, she gave written notice to said defendant, at
New York City, of the injury, of death, as aforesaid, of the
said Simon Weise, with full particulars thereof, so far as
known to her, and full name and address of the insured, and
within two months of the date of said death, to wit, on
September 1, 1893, did furnish to the said company affirm-
ative proof of the death of said Simon Weise; nevertheless
although the said Simon Weise, during his lifetime, kept
and performed all things in said policy mentioned on his
part to be kept and performed, and although the plaintiff
has kept and performed all things in the said policy men-
tioned on her part to be kept and performed, and although
more than three months have elapsed since the receipt by
the defendant of the proof of death so furnished as afore-
said, yet the defendant has not paid to the plaintiff the
amount of the said policy nor any part thereof, but refuses
so to do, to the damage of the plaintiff of six thousand dol-
lars, whereof she brings her suit," etc.

The appellant, May 8, 1894, pleaded the general issue and thirteen special pleas, and February 15, 1897, appellee filed a similiter to the plea of the general issue and replied to the special pleas. February 17, 1897, the following order was entered in the cause:

"On motion of D. J. Wile, Esq., it is ordered that leave be, and is hereby given him to enter his appearance as attorney for the plaintiff in said cause. On motion of plaintiff's attorney it is ordered that leave be, and the same is hereby given plaintiff to amend declaration filed in said cause instanter, and that the defendant's plea of general issue and replication filed herein stand as pleaded to the amended declaration filed in said cause."

The amendment made was the striking out the words in italics in the above quotation from the declaration, namely, "to wit, by means of a pistol wound in the head, inflicted upon him by some person or persons unknown."

The special pleas set up, among other defenses, that plaintiff failed to give immediate notice or to furnish affirmative proof of death within the time limited in the policy; that under the policy, the company's liability is limited to the premium paid, because assured wantonly inflicted upon himself the injuries from which he ·died, or were inflicted upon, or were received by him while insane, by reason whereof the liability of the company was thus restricted, etc.

Appellant's counsel now contend that the special pleas were eliminated by the order of February 17, 1897, apparently being of the opinion that such elimination is to appellant's advantage in respect to the question of the burden of proof on some of the issues involved.

We are of opinion that the amendment did not, in the least, require any change in either the general issue or the special pleas; that no order in respect to appellant's pleas was necessary, and that the order made on motion of appellee's attorney did not have the effect of eliminating the special pleas. This question, however, is immaterial in view of the fact that counsel for appellee agree that the cause may be considered as if the special pleas were, as contended

by appellant's counsel, eliminated by the order of February 17th, and also in view of the fact that no evidence offered by appellant was rejected because not specially pleaded.

The assured left his house July 5, 1893, between five and six o'clock in the morning; about eleven o'clock of the same day his body was found lying flat on its face in the water of Lake Michigan, between the breakwater and the shore, and between Fortieth and Forty-first streets, in Chicago. The water where the body lay was so shallow that the body rested partly on the bottom. It was first discovered by a stranger, who reported his discovery to a policeman. One could walk on stones, the surfaces of which were above the surface of the water, to where the body lay. A hat and coat were found lying on the stones above where it lay. The clothing was not torn nor disarranged, nor were there any indications of violence except the wound hereinafter mentioned. The day was bright and sunshiny, and the place where the body was found was about 100 feet from the tracks of the Illinois Central Railroad Company. The police took the body to the morgue, where it was discovered that there was a wound in the center of the frontal bone, which is described by the witnesses as a very small hole, such as might be caused by a bullet fired from a number 32 revolver. The direction of the hole was straight and at right angles with the plane of the frontal bone. It was probed, but not deep enough to find a bullet, if one was in it. The wound was clean and round—no ragged edges, a clean cut wound. There were no powder marks about the wound or on the face. After the wound was discovered and several hours after the body was found the policeman who removed the body to the morgue returned to the place where he found it, and, assisted by a boy about thirteen years old, searched about an hour for a revolver, but could not find any. When the body was found, the joints were flexible, and it appeared to have been in the water about an hour or two hours.

The appellee put in evidence the policy, a letter from appellee to appellant of date July 13, 1893, and an answer thereto, which letters are as follows:

"CHICAGO, ILL., July 13, 1893.
FIDELITY & CASUALTY COMPANY,
          140 B'way, N. Y. City.

GENTLEMEN:—Simon Weise, insured under your Policy No. 314671, bearing date August 3, 1892, was found dead on July 5, 1893, from the effects of a pistol shot in the head. It is at present uncertain as to whether his death was the result of suicide or was received at the hands of some other person, though the verdict of the coroner's jury was, 'Suicide while temporarily insane.' I shall make further investigations and communicate with you.

          Yours truly,
               MINNIE WEISE."
                              "JULY 17, 1893.

MRS. MINNIE WEISE,
     Care of Harbert & Dalev, Chicago, Ill.

DEAR MADAM:—In re Simon Weise, Pol. 314671. We beg to acknowledge the receipt of your favor of the 13th inst., in the above matter, and to advise you that the matter has been referred to our Mr. Rivolta, at Chicago.

          Yours truly,
               ASS'T EXAMINER."

It is admitted that proof of loss was properly made, that the premium on the policy was paid and the policy issued by appellant. Appellee introduced evidence tending to prove that the appearance of the wound, its direction and the absence of powder marks around it and of burning at or near the edges of the wound, indicated that the bullet which made it was not fired at close range. The appellant introduced evidence tending to prove suicide and insanity, and appellee introduced evidence in rebuttal. The jury found the issues for the appellee and assessed her damages at the sum of $6,125, and judgment was rendered on the verdict.

Appellant's counsel contend that the notice of the death of the insured sent to appellant on the eighth day after the death was too tardy, and not good under the policy. First, the notice was not objected to, and it is admitted in appellant's argument that there was no objection to the proofs of death. Secondly, immediate notice means notice within a reasonable time, and whether such notice was given is a

question for the jury. 4 Joyce on Ins., Sec. 3292; Ins. Co. v. Lewis et al., 18 Ill. 553; Ins. Co. v. Gould et al., 80 Ib. 388; People's Acc't Assn. v. Smith, 126 Penn. St. 317. There are numerous other cases to the same effect. Thirdly, the question whether proper notice was given, was submitted to the jury by appellant's first instruction.

Objections are made to instructions 1, 2, 3 and 5 for the plaintiff, which are as follows :

"1. The plaintiff, to make out her case under the pleadings, is only required in the first instance to introduce in evidence the policy of insurance sued on, and then to show that the premiums on the policy have been paid; that the assured came to his death by external, violent and accidental means, and that she has furnished to the defendant within the time limited in the policy the notice and the affirmative proofs of death, such as are required by the policy.

"If from the evidence the jury find these facts proved, then the plaintiff is entitled to your verdict for $5,000, and interest at five per cent per annum, from December 8, 1893, unless one of the defenses urged by the defendant has been by it proved by a preponderance of the evidence. It is the defendant's contention that the plaintiff is not entitled to recover more than $37.50, because it asserts that the contract of insurance of which the policy is the evidence, was violated by the assured and was not fulfilled on his part. In other words, the defendant claims, either that the assured committed suicide, or that, while insane, he received the injuries which caused his death.

"But the jury are instructed that each of these is an affirmative defense against which the plaintiff is not bound, in making out her case in chief, to introduce any evidence at all.

"It is upon the defendant that the law places the burden of proving one or the other of these defenses, as alleged in its special pleas, by a preponderance of the evidence, and the defendant must prove one or the other by such evidence and facts and circumstances in evidence as in your judgment outweighs the evidence of the plaintiff.

"The finding of the coroner's jury or inquest has been introduced in evidence, but it is not conclusive or decisive of the question whether or not the deceased, Simon Weise, committed suicide, or of the question whether or not he was insane at the time of his death. You may give to the finding of the coroner's jury such consideration as you think it

should receive in view of all the circumstances under which the finding was made. You should not determine or pass upon the question how the deceased came to his death, nor upon the condition of his mind at the time, without considering all the evidence, facts, and circumstances shown upon the trial, having a bearing on the question.

"2. You are instructed that the opinions of non-professional witnesses as to the mental condition of the insured in connection with statements of facts and circumstances within their personal knowledge upon which such opinions are based, are competent evidence; and in this case, you are at liberty to consider as evidence the opinions of witnesses who had opportunities of observing the conduct of the insured or of conversing with him shortly previous to his death.

"3. The jury are instructed that in order for the plaintiff to recover, it is not necessary that she should show by direct evidence the particular and specific cause of the death of Simon Weise, provided you believe from the evidence and the facts and circumstances in evidence that his death was produced either by drowning or by a fatal wound in the head, or by a combination of both of these causes, and provided you further find that Simon Weise did not commit suicide and was not insane at the time of his death.

"5. The law presumes every man to be and continue sane, or of sound mind, until the contrary is shown by the evidence. When insanity is set up as a defense in actions of this kind, the burden of proving it is upon the party alleging the insanity. So, in order for the defendant to prevail as to this issue, the defendant must prove such insanity by a preponderance of the evidence. In precisely the same way, where the claim of suicide of the deceased is interposed as a defense, the burden of proving such suicide is upon the defendant, and before the defendant can prevail upon that issue, it must prove such suicide by a preponderance of the evidence."

Appellant's counsel object to the first instruction because it informs the jury that it is incumbent on the defendant to prove that the assured committed suicide, or that he, while insane, received the injuries which caused his death. The argument of appellant's counsel proceeds on the hypothesis that suicide and insanity are not affirmative defenses; that it is not incumbent on the defendant to plead them; that, if specially pleaded, the burden of proving them by a pre-

ponderance of the evidence would be on the defendant; but that, if the defendant stands on the general issue only, this burden is not on him.    After arguing that proof of insanity or suicide is admissible under the plea of the general issue, counsel say :

"Being then admissible in evidence under a plea of non-assumpsit, it would be mere surplusage to plead it specially, and the defendant would be foolhardy indeed to file special pleas which would have no other material effect than that of relieving the plaintiff of the burden of proof and saddling the same upon himself, and which would be held bad on general demurrer as amounting to the general issue."

We dissent *in toto* from this theory of appellant's counsel.    In his work on Pleading, Chitty says :

"If the plaintiff allege a condition subsequent to his estate, he need not aver performance, but the breach must be shown by the defendant, and matter in defeasance of the action need not be stated; and, whenever there is a circumstance, the omission of which is to defeat the plaintiff's right of action, *prima facie* well founded, whether called by the name of a proviso or a condition subsequent, it must be in its nature a matter of defense, and ought to be shown in pleading by the opposite party."   1 Chitty's Pl., 9th Am. Ed., 223.

"When, however, the proviso in a written instrument is distinct from and not even referred to by the clause on which the debt is charged, it is considered matter of defeasance, etc., which ought to come from the other side, and then it need not be set forth by the plaintiff."   Ib. 310.

The provision in the policy on which the appellant relies, viz., that in relation to the injuries inflicted by the assured on himself, or received by him while insane, is an independent provision, distinct from the clause on which the debt is charged, and is not referred to by that clause, and it is also in defeasance of the action.    The declaration is sufficient and is admitted so to be by appellant's plea of the general issue.    It is not averred in the declaration, and is not necessary to be averred, that the assured was sane when he received the injury which caused his death, or that he did not commit suicide, and clearly it was not incumbent on appellee to prove matters not alleged in her declaration,

which is admitted to be and is sufficient. In Coburn v.
Travelers Ins. Co., 145 Mass. 226, the court say : " When
a defendant intends to rest his defense upon a fact which is
not included in the allegations necessary to the support of
the plaintiff's case, he must set it out in precise terms in the
answer," citing cases. The court further say :

" Stipulations added to a principal contract which are in-
tended to avoid the defendant's promise by way of defeas-
ance or excuse, must be pleaded in defense, and must be
sustained by evidence. They are in the nature of pro-
visos."

See, also, 4 Joyce on Ins., Sec. 3691. Appellee having
made a *prima facie* case that the death of the assured was
occasioned by violent and external means, the legal pre-
sumption arose that the death was accidental and not sui-
cidal. Star Accdt. Co. v. Sibley, 57 Ill. App. 315; 3 Joyce
on Ins., Sec. 2865, and cases cited.

The legal presumption is in favor of sanity and against
suicide. These propositions have been so frequently an-
nounced and so thoroughly established that they may be
regarded as elementary, and it seems rather the province of
a teacher in a law school than that of a court of review to
cite authorities in support of them.

Appellee having made a *prima facie* case, it was incum-
bent on appellant to overcome the legal presumption by
evidence in support of its defense of suicide, or that the as-
sured received, while insane, the injury which caused his
death, and this it was bound to do by a preponderance of
the evidence.

In Green v. Phoenix Ins. Co., 134 Ill. 310, the court say:
" The law presumes the fact of sanity, and hence the
burden is cast upon the party alleging insanity to establish
it by a preponderance of proof." See, also, Argo v. Coffin
et al., 142 Ib. 368, and cases cited; 4 Joyce on Ins., Sec.
3775; Egbers v. Egbers, 177 Ill. 82.

In Egbers v. Egbers, which was a bill to set aside a will
on the ground, among others, that the testatrix was of
unsound mind when she executed it, the court say: " The
law throws the weight of the legal presumption in favor of

sanity into the scale in favor of the proponents from which it necessarily results that upon the whole case, the burden rests upon the contestants to prove the insanity of the testatrix." The court further say: "There is the natural presumption that she was sane, which with all of proponents' evidence, must be overcome, and sufficient evidence adduced so that, upon the whole evidence, there is a preponderance in support of the allegation in the bill of her mental unsoundness before the will can be set aside on that ground." Suicide is an affirmative defense, and must be proved by a preponderance of the evidence. Gooding v. Ins. Co., 46 Ill. App. 307; Insurance Co. v. Hogan, 80 Ill. 35; Mallory v. Insurance Co., 47 N. Y. 54; Insurance Co. v. McConkey, 127 U. S. 661.

Many more cases might be cited in support of the proposition that the burden was on appellant to sustain by evidence the defense of suicide and insanity, or one of them, but to cite additional authorities would seem superfluous. Appellant's counsel, while admitting that in suits on ordinary policies of life insurance it may be necessary to aver. and prove suicide or insanity, as the case may be, seek to distinguish between such cases and the present, on the ground that the present is a suit on an accident policy. We perceive no reason for such distinction.

Coburn v. Travelers Ins. Co., *supra*, Keene v. Accident Ass'n, 161 Mass. 149, and Anthony v. Accident Ass'n, 162 Id. 354, cases in which it was held that the burden is on the defendant to prove defenses such as are attempted in the present case, were all suits on accident policies.

Counsel further object to the first instruction because of its reference to special pleas. Even though the hypothesis that the special pleas were eliminated by the order of February 17th is true, the reference to them could not in the least prejudice appellant, because whether the defenses of suicide and insanity must be specially pleaded, or whether, as appellant's counsel contend, these defenses may be made under the general issue, the burden is equally on appellant to prove them by a preponderance of the evidence. If, as

we hold, it was necessary to plead specially the defenses mentioned, and if, as contended by counsel, the special pleas were eliminated by the order of the court, the fact that appellant was permitted to introduce evidence in support of these defenses under the general issue, did not relieve appellant of the burden of proving its affirmative defenses by a preponderance of the evidence.

The objection to instruction two is, that it permits the jury to consider the opinion of witnesses who had opportunities of observing the conduct of the deceased, irrespective of whether they availed of such opportunities by observation or conversation with the deceased. In view of the evidence of the witnesses, we think it impossible that the jury could have been misled by the instruction.

The objection to the third instruction is thus stated by counsel: " In this instruction the jury are told that they must find the issues for the plaintiff, if they believe that Simon Weise did not commit suicide and was not insane *at the time of his death.* Now the contract of insurance specifically stipulates that there can be no recovery if insured was insane at the *time of sustaining the injury* which caused his death." The evidence shows that the insured died instantaneously on receiving the injury, or within a very short time thereafter. He was found, as heretofore stated, face down in the water, with a hole through the frontal bone and brain. The objection necessarily assumes that while he may have been sane at the instant of death, he may, also, have been insane at the instant when he received the fatal wound. In other words, that the infliction of a wound such as that described, may have the effect of restoring an insane mind to sanity, may physically kill and mentally cure at one and the same instant. We think further comment on this objection unnecessary. Regarding many of the objections of appellant's counsel to the instructions as hypercritical, and not being " skilled to divide a hair 'twixt north and northwest side," we omit further specific comment on them. Suffice it to say, we find no substantial error in any of the instructions complained of by appellant's counsel.

Fidelity & Casualty Co. v. Weise.

The appellant requested nineteen instructions, all of which were given, and some of which are, in our opinion, more favorable for the appellant than warranted by law.

A statement made by Dr. Bert, witness for appellee, in writing, and produced, as appears from the evidence, before the coroner's jury, inconsistent with his evidence on the trial, was put in evidence by appellant, and the witness was permitted in answer to questions by appellee's counsel, to explain how he came to make such former statement and the circumstances under which it was made, he testifying, among other things, that he was not sworn as a witness at the inquest. It is objected that this was error. The contrary was held in Accident Ass'n v. McKinney, 57 Ill. App. 141, citing cases. After the cause had been argued to the jury, the court permitted appellee's counsel to offer, in the presence of the jury, to prove certain things by a witness who had previously testified in the case, which offer the court overruled. The permitting the offer to be made is complained of as error. Appellee's counsel, while the witness was previously on the witness stand during the trial, attempted to state what was expected to be proved by him, but the court, on objection made by appellant's counsel, refused to permit an offer of proof. Counsel have the right to make an offer of proof, for the two-fold purpose of informing the court of what is expected to be proved, and of preserving an exception to the exclusion of the offered evidence, and there was no error in permitting the offer to be made. Gaffield v. Scott, 33 Ill. App. 317; Cook v. Hussen, 51 Ib. 269.

Counsel for appellant having caused the offer to be excluded by objecting to it when properly made on the trial, and in apt time, can not be heard to complain that the court eliminated its former error by subsequently permitting the offer.

The *ad damnum* is $6,000 and the verdict $6,125, and this is objected to as error. Appellant filed a motion in writing for a new trial, assigning reasons for the motion. It is not assigned as a reason that the verdict exceeds the *ad damnum*,

nor was that specific objection made in the trial court, and it can not be urged here for the first time. Railroad Co. v. McMath, 91 Ill. 104; Accident Ass'n v. Froiland, 161 Ib. 30.

Appellant's counsel, at the close of appellee's evidence in chief, and also at the close of all the evidence, moved the court to instruct the jury to find the issues for the defendant. Appellant waived the former motion by introducing evidence on the merits. In reference to the latter motion, appellant's counsel contend that the commission of suicide by the insured is established by a preponderance of the evidence. The court properly instructed the jury that appellee was required by law to establish her case by a preponderance of the evidence, before she could recover. This, of course, applied to appellee's case as stated in her declaration. Appellee made a *prima facie* case as stated in her declaration. Whether appellant overcame such *prima facie* case and the evidence introduced by appellee in rebuttal of the evidence in support of appellant's affirmative defenses, was a question for the jury, and one in regard to which we are of opinion reasonable minds might reasonably differ. Therefore the motion to take the case from the jury at the close of all the evidence, was properly overruled.

The trial in which the judgment appealed from was rendered, was the second trial of the cause; the first was in the March term, 1894, in which the jury found for appellee and assessed her damages at the sum of $5,895.18. We see no reason to suppose that the result of a third trial would be different, except, perhaps, as to the amount of the verdict.

We find no reversible error in the record, and the judgment will be affirmed.