## Sylvester Doubet v. Peoria Savings L. and T. Co.

1. Appellate Court Practice—*Where the Recovery Exceeds the Amount Claimed in the Declaration.*—Where the fact that the verdict exceeds the amount claimed in the declaration is not assigned as a reason for a new trial or on a motion in arrest of judgment in the court below, it can not be assigned for error in the Appellate Court.

2. Same—*What is Covered by the Assignment that the Verdict is Excessive.*—The fact that the verdict exceeds the amount claimed in the declaration is not covered by an assignment of error that the verdict is excessive.

Assumpsit, upon promissory notes. Error to the Circuit Court of Peoria County; the Hon. Thomas M. Shaw, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February, 1901.

Graff & Carlock, attorneys for plaintiff in error.

Arthur Keithley, attorney for defendant in error.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This was a suit brought by defendant in error against plaintiff in error upon three promissory notes of $3,000 each, executed by the F. F. Ide Manufacturing Co. on January 27, 1898, payable to the order of defendant in error on demand, with interest at the rate of seven per cent per annum until paid. The payment of these three notes was guaranteed by plaintiff in error, who was president of the F. F. Ide Manufacturing Co. Certain payments had been made upon these notes and the *ad damnum* was laid in the declaration at $3,000. The general issue was filed and there was a trial by jury, which resulted in a verdict for $7,535.40. A motion for a new trial was overruled and judgment entered for the amount of the verdict.

The first point urged by plaintiff in error for the reversal of the judgment is that the verdict was for more damages than claimed by defendant in error in the *ad damnum* clause in the declaration. In the motion for new trial

filed in the court below, however, the fact that the verdict exceeded the *ad damnum* of the declaration was not assigned as a reason for granting a new trial. Had he desired to take advantage of the fact that the judgment exceeded the *ad damnum*, plaintiff in error should have presented the question to the court below in his motion for a new trial or by motion in arrest of judgment. Metropolitan Accident Association v. Froiland, 161 Ill. 30; Fidelity and Casualty Co. v. Weise, 80 Ill. App. 499.

Plaintiff in error, however, insists that the proposition in question was covered by the third reason assigned for a new trial, which was that the verdict was excessive. We do not think the reason assigned sufficient. By an excessive verdict is usually meant a verdict which is greater than the evidence warrants, not greater than the *ad damnum*. In A. O. U. W. v. Jesse, 50 Ill. App. 101, where the same question arose, it was said:

"It is contended that because, among the reasons assigned for a new trial in the Superior Court, it was said that the finding and damages assessed were excessive, the question may be raised here. But on the authority of Utter v. Jaffray, 15 Brad. 236 (affirmed in 114 Ill. 480), we think not. The error, if any, was not specifically pointed out in the reasons urged for a new trial. Had the attention of the court below been drawn to the specific fact that the damages assessed exceeded the *ad damnum*, the error could, and doubtless would, have been corrected at once by leave to amend."

It is evident, therefore, that plaintiff in error is not now in a position to take advantage of the fact that the verdict exceeded the *ad damnum*. It is also insisted by plaintiff in error that the judgment should be reversed for the reason that the verdict included $14.57 more interest than shown by the testimony to be correct. Copies of the notes in the record do not show any indorsement of payments, so we can not determine the amount due from them. The evidence of the witness Trefzger was that the amount due on April 30, 1899, was $7,236.58. He calculated interest on that amount from said date to November 22, 1899, making the total amount $7,535.40. In several places in his testi-

mony he states that the latter is the correct amount due. The calculation of interest as he made it was evidently wrong, and he must, therefore, have been mistaken, either in the date from which he commenced to calculate the interest, or in the amount due.   We are unable to say from the copies of the notes in the record wherein the mistake lies, but the jury had the original notes, with the indorsements thereon, before them, and could have made the correct calculation, and in the absence of proof to the contrary we will presume that they did so.

We find no reversible error in this record and the judgment of the court below is accordingly affirmed.