## Louis H. Salomon v. Rodman B. Ellison et al.

1. APPELLATE COURT PRACTICE—*Where a Motion for a New Trial in the Court Below is Prerequisite to a Consideration of Questions in Review.*—A motion for a new trial and an exception to the order of the court overruling the same is prerequisite to a consideration, upon appeal, of the sufficiency of the evidence to support the verdict.

2. SAME—*Mode of Preserving in the Record a Motion for a New Trial and the Rulings Thereon.*—The only way in which a motion for a new trial and the rulings thereon can be preserved in the record is by incorporating them in a bill of exceptions. The fact that the clerk has incorporated in the record what purports to be a motion for a new trial, does not bring it within the range of judicial observation.

Assumpsit, upon a written guaranty. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed June 23, 1902.

EDWARD N. D'ANCONA and JOHN SCHWENDER, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

This action was assumpsit upon a written guaranty. The plea was the general issue.

Trial, and verdict finding the issues for plaintiffs (appellees), and assessing their damages at the sum of $750.

The bill of exceptions shows no motion for a new trial, nor any exception to the action of the trial court in overruling such motion, if one was made.

The attorneys for appellant say in their brief:

" We contend that the writing in question is a mere proposal and not a contract of guaranty; that the burden is upon appellees to prove that appellant had notice of the acceptance of this alleged guaranty, and that this proof is a condition precedent to their right to recover."

There is no direct mention in such brief, or in their reply brief, of any errors in the admission or in the exclusion of evidence, nor of the propriety of the giving or of the refusing of any instruction. In other words, the entire argument of appellant in this court is upon the merits.

A motion for a new trial and an exception to the order of the court overruling the same is prerequisite to a consideration, upon appeal, of the sufficiency of the evidence to support a verdict. Dearborn v. Rielly, 79 Ill. App. 281–283.

According to the practice in this State, the only mode in which a motion for a new trial and the rulings of the court thereon can be preserved in the record, is by incorporating them in the bill of exceptions. That the clerk of the trial court has incorporated in the record what purports to be a motion for a new trial does not bring it within the range of judicial observation. Harris v. People, 130 Ill. 457, 463.

The judgment of the trial court will be affirmed.