## Joseph Polowski v. Walentz Derengowski, et al.

### Gen. No. 12,264.

1. ASSIGNMENT OF ERROR—*questions as to rendition of judgment and rulings upon evidence cannot be reviewed.* Assignments of error calling in question the action of the court in rendering judgment and in ruling upon evidence cannot be considered on appeal where the bill of exceptions does not contain the finding and judgment of the trial court, nor any exception to such finding and judgment, nor any motion for a new trial.

2. JUSTICE OF THE PEACE—*what limit of jurisdiction to enter judgment.* A justice of the peace is unauthorized to render judgment for a larger amount than that endorsed on the summons.

3. AD DAMNUM—*when objection of excess of judgment over, cannot be raised.* It is too late to raise for the first time on appeal the question that the judgment exceeded the *ad damnum.*

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed February 13, 1906.

**Statement by the Court.** Appellees sued appellant in a justice court for work and labor performed in 1903, and there obtained a judgment. On appeal to the Superior Court the cause was submitted to the court for trial. Upon the hearing the court found the issues for appellees and entered a judgment against appellant for the sum of $90.50 and costs. This appeal was then perfected.

D. B. BRILLOW, for appellant.

RUDOLPH FRANKENSTEIN, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

We cannot consider the contentions of appellant that the trial court erred in rendering judgment against him, and in rulings upon proffered evidence, for the reason that the bill of exceptions does not contain the finding and judgment of the trial court, nor that any exception was taken

to such finding and judgment, nor that a motion for a new trial was made. The rule is that in order to take advantage, on appeal, of an improper ruling of the court made during the trial, which does not relate to the pleadings, or does not appear on the face of the judgment, such ruling, with the exception thereto, must be preserved in the bill of exceptions. Martin v. Foulke, 114 Ill., 206; C. & E. I. Ry. Co. v. Schmitz, 211 Ill., 454. We cannot consider the exception to the finding of the court contained in the common law record. Salomon v. Ellison, 102 Ill. App., 419.

The amount endorsed upon the justice summons in this case pursuant to section 20, chapter 79, R. S. Hurd, is $78. Such an endorsement has the same office and effect in a justice court as has the *ad damnum* in a declaration in a court of record. Each limits the judgment to the amount claimed and interest thereon. The judgment in this case is $90.50. But the error is a technical one, which, if called to the attention of the court on the trial could then have been corrected. This was not done, and thus the court was permitted unwittingly to enter a judgment in an amount largely exceeding the *ad damnum* on the summons. It is too late to raise this point for the first time in this court. Metropolitan A. Ass'n v. Froiland, 161 Ill., 40; Prairie S. L. Ass'n v. Gorrie, 167 Ill., 419; Wheatley, Buck & Co. v. Savings Bank, 167 Ill., 484; Doubet v. Peoria S. L. & T. Co., 93 Ill. App., 637.

It is unnecessary for us to pass upon the motion to strike the bill of exceptions from the files.

The judgment of the Superior Court is affirmed.

*Affirmed.*