## THE STATE v. MICHAEL SHANNEHAN:

1. **Criminal law: EVIDENCE: EFFECT OF ADMITTING CONTINUANCE AFFIDAVIT; IMPEACHMENT.** If the State, in order to avoid a continuance, asked for by the defendant in a criminal case on account of the absence of a witness, admits that the absent witness would, if present, swear to the facts stated in the affidavit for continuance, such statements assume the character of the witness' evidence, and cannot be impeached by showing that he has made statements out of court different from those in the affidavit.

2. —— **APPLICATION OF ORDINARY RULE.** The ordinary rule, that the proper foundation must be laid before a witness can be impeached by proving his statements out of court, applies to this class of cases; and equally to criminal as well as civil trials.

3. —— **STATEMENTS UNDER OATH.** Nor would the rule lose its application if the statements out of court were made under oath.

*Appeal from Iowa District Court.*

SATURDAY, JUNE 29.

EVIDENCE IN CRIMINAL CASES: AFFIDAVIT FOR CONTINUANCE: EFFECT OF ADMITTING IT: IMPEACHING WITNESS, ETC.—The indictment charges the defendant with the crime of manslaughter, alleging, in due form, the unlawful killing by him of one John Shannehan.

At the February Term, 1866, the defendant made a motion for a continuance, supported by affidavit, on account of the absence of one Dr. H. Huston, then in the military service of the United States. Among other things, the affidavit for a continuance stated that the defendant expected to prove by the said witness " that he was a practicing physician ; that, as such, he attended the deceased and made a skillful and careful examination of his case, and that the deceased did not come to his death by wounds inflicted at the hands of the defendant ; that the blow charged to have been struck by affiant upon the head of the said John Shannehan, was not the cause

of his death, neither did said blow produce said death; that said blow neither fractured the skull or ruptured the scalp of the deceased; that said physician was the only medical person who examined the deceased, etc."

Upon this affidavit, the court ordered the cause to stand continued. Thereupon the district attorney, for the purpose of avoiding a continuance, admitted (under the statute), that Dr. Huston would, if present, or if his deposition were taken, testify to the facts stated in the affidavit for continuance, whereupon the court ordered the cause to proceed to trial. On the trial, the defendant read to the jury as part of his evidence, the affidavit for a continuance.

After the defendant had closed his testimony, the State produced as a witness, one Ricord, and offered to prove by him that Dr. Huston had made statements out of court, different from those stated in the affidavit as the facts to which he would testify.

The defendant's objection to the reception of this evidence being overruled, the witness Ricord was allowed to testify thus: "I was one of the coroner's jury. Dr. Huston was there."

" *Question*. Did Dr. Huston give it as his opinion that the deceased came to his death by that blow?

" *Answer*. The doctor rolled the deceased over, shaved his head where he was struck. He said that the blow caused his death, I think. I think I have not forgotten the conversation."

To this the defendant excepted.

Defendant thereupon " offered to produce evidence that Dr. Huston did not, at the coroner's inquest, say that the deceased came to his death from the blow;" this the court refused and defendant excepted.

Defendant was convicted, and now appeals.

*J. H. Murphy & Bro.* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

DILLON, J.—To avoid the continuance, the State's attorney was bound to admit " that the witness, Dr. Hus-

1. CRIMINAL LAW: evidence: effect of admitting continuance affidavit.

ton, would, if present, swear to the facts stated in the affidavit." Rev., § 3013. And the statute provides that, in the event of such admission being made, " the cause shall not be continued, but the party moving therefor shall read, as the evidence of such witness, the facts held by the court, to be sufficiently stated in the affidavit. Id.

To test the ruling complained of, it is to be taken that Dr. Huston was in court, and, as a witness, stated to the jury that the blow did not cause the death of the deceased. If he had so testified, could the State's attorney, without laying the foundation therefor, call another witness, and show that Dr. Huston had made statements out of court different from those made by him in court? Clearly not. That this could be done in an ordinary case would not be claimed.

There is no reason why the rule should not apply in the present instance. The fact that this was a criminal, and

2. —— application of ordinary rule.

not a civil trial, would be a reason for adhering to, rather than discarding, the rule. But the same rules of evidence in this respect apply to both classes of trials. Rev., §§ 4805, 4750, 3013.

The fact also that the outside statement was made before the coroner's jury, makes no difference. It does

3. —— statements under oath.

not appear that this statement was made under oath before the coroner; and if it had thus appeared, this court has held that the ordinary rule as to the necessity of laying the proper foundation, applies to an impeachment by means of other depositions of the witness. *Samuels* v. *Griffith*, 13 Iowa, 103; *Morrison* v. *Myers*, 11 Id., 538. See, as to the reason of

the rule and the extent of its application: *The Queen's Case*, 2 Brod. & Bing., 313; *Kimball* v. *Davis*, 19 Wend., 438, and authorities there cited; *Pendleton* v. *Empire Co.*, 19 N. Y., 13, 17; *State* v. *Ruhl*, 8 Iowa, 447; *Glenn* v. *Carson*, 3 G. Green, 529; 1 Greenl. Ev., § 462; 2 Phil. Ev., 436, 438.

It was particularly prejudicial to the defendant to receive the evidence objected to, since the court denied to the defendant the right to show that his witness did not make the supposed contradictory statement imputed to him by the impeaching witness.

The judgment is reversed and the cause remanded for a new trial.

Reversed.