## WILLIAMSON V. PEEL.

1. **Evidence:** IMPEACHMENT: CONTRADICTORY STATEMENTS. The credibility of a witness cannot be impeached by proof of contradictory statements unless the proper foundation therefor is laid by first asking the witness in respect thereto and to the time and place thereof.

2. —— Nor will any exception be made to the rule where an affidavit for a continuance has been filed, on the ground of the absence of a witness, and the opposite party for the purpose of proceeding to trial admits that the witness if present, would testify to the facts alleged in the affidavit.

3. —— It was accordingly *held,* that evidence that the absent witness had made statements contradictory to the facts alleged in the affidavit was not admissible for the purpose of impeachment.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, AUGUST 31.

THIS action was commenced before a justice of the peace, and judgment rendered to plaintiff upon appeal to the circuit court. The errors assigned relate to the admission of evidence. The facts appear in the opinion.

*M. D. & O. H. Browning* for the appellant.

No appearance for the appellee.

BECK, J. — Before the trial of the case was commenced defendant made application for a continuance on account of the absence of a witness. He set out in his affidavit supporting the application the facts he expected to prove by the absent witness. The plaintiff admitted that the witness, if present, would testify to the facts as alleged in the affidavit. Upon the trial the affidavit, or such part of it as contained the statement of facts expected to be proved by the absent witness, was read in evidence.

Williamson v. Peel.

The plaintiff was permitted, against defendant's objection, to prove, in order to impeach the witness, certain statements, to the effect that she knew nothing about the case nor the matter in controversy. The statements were made to the officer who served the subpœna upon her, and no foundation whatever was laid for the admission of this impeaching evidence.

The evidence was improperly admitted. The affidavit, by admission of the plaintiff, was taken and considered as embodying the witness' evidence. The credibility of a witness can be impeached by proof of contradictory statements, only after laying a proper foundation by asking the witness in reference to the time and place thereof, etc. *State* v. *Shanahan*, 22 *Iowa*, 435 ; 1 Greenl. Ev. § 462 ; *Strunk* v. *Ochiltree*, 15 *id.* 179 ; *Morrison* v. *Myers & Turner*, 11 id. 538 ; *Samuels* v. *Griffith*, 13 id. 103 ; *State* v. *Rhul*, 8 id. 449. It may be said, that, in the case before us, it was impossible to have laid such a foundation. That is quite true, but it does not change the rule. To disregard the rule in a case of this character would be most unfair toward the witness and operate to defeat the ends of justice. The reason of the rule operates in this case as in all others, namely : the witness, probably, upon his attention being called to the statements, could give some explanation thereof. To enforce the rule in a case of this character can be no hardship upon the parties admitting affidavits to be read in place of the evidence of witnesses. If impeachment is necessary to the ends of justice in these cases, they must allow the evidence to be brought before the court in a manner that will permit it. The judgment of the circuit court must be

Reversed.