THE CHICAGO & ALTON RAILROAD CO.

v.

HENRY LAMMERT, by, etc.

1. EVIDENCE—IMPEACHING WITNESS.—A witness can be impeached by showing that he had made statements out of court contradictory to his evidence, but only provided the foundation is laid by interrogating him first as to whether he made the outside statements, fixing time and place, thus giving him an opportunity to explain.

2. SAME.—A party, to avoid a continuance, having admitted that a witness would swear to the facts stated in an affidavit for continuance, can not, on the trial, introduce evidence of admissions made outside of court by the witness whose testimony was referred to in the affidavit for continuance, for the purpose of impeaching him.

3. CONTRACT—CONSIDERATION—COMPROMISE OF PENDING SUIT.—The compromise of a suit pending is a good consideration for a contract, and if fairly entered into, a suit may be maintained for its breach as in any other case.

4. ATTORNEY AND CLIENT—INFANT.—An attorney of a court of record of an infant binds his client as in any other case, by a settlement or compromise of a pending suit.

APPEAL from the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed July 12, 1886.

At the March term, 1883, of the Madison County Circuit Court, appellee brought suit against appellant, to recover

damages for a personal injury alleged to have been caused through the negligence of its servants. That case was twice appealed to this court, on the last of which a judgment in favor of appellee was reversed on the ground that the evidence failed to sustain the verdict. After this reversal, appellee took the deposition of one Lee Sursa. This deposition fully sustained the allegations of the declaration, supplying largely the proof, for want of which the judgment previously rendered had been reversed.

After the taking of this deposition the case was compromised by appellant agreeing to pay Henry Lammert $1,400 and his mother $100. Out of this money appellee was to pay certain costs of the suit. A judgment was to be entered by agreement for the $1,400, which was to be satisfied. In pursuance of this agreement releases were signed by the attorneys of record for Henry Lammert, and also by the next friend, and left in the hands of one of the attorneys to be delivered to appellant, when the judgment agreed upon was entered and the settlement completed. Before the next term of the court appellant claiming that the witness, Lee Sursa, had admitted and made affidavit that his deposition was false, and that he had been induced to make it by one of the attorneys for apellpee who knew that it was false, gave notice to the attorneys for appellee that it would not carry out the compromise. The original suit still pending at the succeeding term, appellee refused to proceed with its trial, but tendered the releases, and demanded judgment in pursuance of the terms of the compromise, appellant still objecting, and refusing to consent to the judgment agreed upon or to otherwise abide by the terms of the compromise.

Appellee dismissed the suit for the purpose of bringing this action. The declaration was filed to the October term, 1885, and counts on the contract above mentioned. Two pleas were filed—the general issue, and a special plea setting up fraud in obtaining the agreement, by procuring the false testimony of the witness Sursa, knowing it to be false, etc.

The case coming on for trial appellant entered its motion for a continuance on account of the absence of the said Lee

C. & A. R. R. Co. v. Lammert.

Sursa. This motion was supported by the affidavit of one Tracy, in which he sets out an affidavit purporting to have been made by the absent witness, in which he in substance swears that he knew nothing of the manner in which Henry Lammert received his injury, and that his deposition taken to prove such facts was wholly false; that he was induced to give the false deposition by William P. Bradshaw, one of appellee's attorneys, and that said attorney knew that he had no knowledge of the facts therein stated, and that the deposition was false. Tracy's affidavit then concludes by stating that the defendant expects to prove by said Sursa that the statements made in his affidavit are true. Appellee thereupon admitted that the witness, if present, would swear to the facts stated in the affidavit for continuance. The motion was overruled and the trial proceeded. T. W. Kinder and B. F. Murrill, witnesses for appellee, were allowed by the trial court, over the objection of appellant, to testify to conversations with the said Lee Sursa, in which they testified that he said that his deposition was true, and that the affidavit afterward made by him was false, and that he made the affidavit through spite toward Bradshaw, the attorney.

The trial resulted in a verdict for appellee for $1,400, and a motion for new trial being overruled and judgment entered for the amount of the verdict and costs, appellant appeals.

Messrs. WISE & DAVIS, for appellant; that a witness can not be discredited by proof of contradictory statements without having been previously examined in reference thereto, cited Queen's Case, 2 B. & B. 2ɔ8; Franklin Bk. v. P. D. & M. Steam Nav. Co., 11 G. & J. 28; Craft v. Commonwealth, 81 Ky. 250; Stacey v. Graham, 14 N. Y. 498.

As to authority to compromise an infant's claim: Edsall v. Vandemark, 39 Barb. (N. Y.) 589; C., R. I. & P. Ry. Co. v. Kennedy, 70 Ill. 350; Sperry v. Fanning, 80 Ill. 371.

Messrs. KRONE & HADLEY and Messrs. METCALFE & BRADSHAW, for appellee.

WILKIN, J.   No reason is perceived why the second plea of appellant, if true, does not present a good defense to this action. This defense does not consist in the fact that the deposition of Sursa was false alone, but rather in the fact that appellee, by his attorney, procured the false testimony knowing that it was false.   If the facts alleged in the plea are true, and appellee had, by means of the evidence of Sursa, obtained a judgment, no court would have hesitated to set it aside as obtained through fraud.   If the fraud was discovered before the fruits had been realized, certainly no court would lend its aid to the party practicing it.

The vital question in this case is, in our opinion, whether or not that plea is true.   This being so, the testimony of Lee Sursa, in whatever form obtained, was essential to appellant's defense.   To overcome that testimony by contradicting it, or impeaching the witness, became equally important to appellee. The evidence of the witnesses Kinder and Murrill was therefore material, and if improperly admitted over the objection of appellant, must work a reversal of the judgment below.

We have been unable to discover any ground upon which the ruling of the trial court in admitting their evidence can be sustained.   The novel position is assumed by counsel for appellee that Sursa is to be treated as their witness and therefore it was competent to show what he had said.   There could be but one legal ground for admitting the evidence as to what this witness had said, and that would be for the purpose of impeaching him.   To say that his unsworn declarations could be competent evidence for either party would be to contravene one of the plainest and most firmly established rules of evidence.   By the affidavit for continuance, and the admission of appellee that if present the witness would swear to the facts therein set forth, Lee Sursa became the witness of appellant.   His testimony thus obtained became available to appellant the same as though he had been present testifying in open court, or his deposition had been taken.   His evidence was subject to contradiction and impeachment under the same rules of evidence and practice as though obtained in the usual manner.

He might be impeached by showing that he had made statements out of court contradictory to his evidence set forth in the affidavit, provided the proper foundation was laid, but not otherwise. The rule is inflexible and without exception, that in order to impeach a witness in this mode he must first be interrogated as to whether or not he made the outside statement, fixing time and place, thus giving him an opportunity to explain. In this case no such foundation was laid, and hence the evidence of the witnesses called to impeach, was improperly admitted. If appellee was at the disadvantage of not being able to lay the foundation for impeachment because of the absence of the witness, he voluntarily placed himself in that position by admitting that he would swear to the facts stated in the affidavit, and can not be allowed to extricate himself by disregarding fixed rules of practice and evidence. Regarding this error as substantial, and affecting the entire merits of the case, the judgment of the court below must be reversed and the cause remanded.

As the case may again be tried it is proper to briefly notice other points made and urged as grounds of reversal.

There is no substantial variance, as we understand the allegations and proofs, but if there was, the question can not be raised for the first time in this court. There is not even an assignment of error raising that question.

This is not a case in which there is an attempt to set up an accord in defense of a suit on the original cause of action. It is a suit upon the alleged contract to compromise a pending suit. If it is intended to be urged that such a suit can not be maintained until the contract is executed by both parties, the position is absurd. The authorities cited can not be construed to support such a position. The compromise of a suit pending is a good consideration for a contract, and if fairly entered into a suit may be maintained for its breach as in any other case.

There is nothing in the record to show that the infant, or any one on his behalf, repudiates the contract of compromise. The court permitted him to dismiss his suit for the express purpose of bringing this suit. No reason is shown nor

authority cited in support of the position that the attorneys of record of an infant can not bind their client, as in any other case, by a settlement or compromise of a pending suit. In Littotson v. Hargrave, 3 Maddox, 349, it is said, "An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit to the same extent as a person of full age." Levy v. Levy, Id. 245. The evidence also shows that there was an offer to have a guardian appointed for the infant if appellant so desired, in order to carry out the compromise, but it was not then thought necessary, nor even to procure the consent of the infant. Now, however, it is urged that the contract was not binding upon the infant and may therefore be repudiated by appellant. To so hold, would defeat the compromise of every suit in which there might be an infant party plaintiff or defendant unless the infant was personally a party thereto. The infancy of the plaintiff was fully known to appellant's agent who negotiated the settlement, at the time the preliminary agreement was entered into and at the time the releases were signed, and no objection was then made to the validity of the settlement or its binding force upon the parties.

To permit the appellant to now repudiate the agreement upon the naked ground that it chose to negotiate with the attorneys and next friend, instead of the plaintiff in person, in the absence of all objection to the settlement by the infant plaintiff, would be a mockery.

The evidence sufficiently shows that the payment of costs by appellee was to be out of the money paid him by appellant, and it was not therefore necessary to prove such payment, nor even an offer to do so, in order to maintain this suit.

Reversed and remanded.