# THE NORTH CHICAGO STREET RAILROAD COMPANY ET AL.

## v.

## JOHN COTTINGHAM, BY HIS NEXT FRIEND, ETC.

*Witnesses—Impeaching Testimony—Foundation for Must be Laid.*

Where one party on affidavit applies for a continuance on account of the absence of a witness, and the other party, to avoid the continuance, admitted that the witness, if present, would testify as stated in the affidavit, *held*, that it was error to admit a letter from the absent witness for the purpose of impeaching his testimony.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. W. J. HYNES, EDMUND FURTHMANN and H. H. MARTIN, for appellants.

Mr. JOSEPH WRIGHT, for appellee.

GARY, J.   The appellee sued both companies for an injury he sustained while on a car of the last named company, in consequence of a collision between cars, one of one, and the other of the other company.   We shall leave untouched all questions relating to the merits of the case and the sufficiency of the evidence, as there is one fatal error which may not be disregarded.   Whatever might be said upon other points would be unnecessary, and might be afterward treated as superfluous.   Johnson v. People, 40 Ill. App. 382; Wells on Res Adjudicata and Stare Decisis, Sec. 581 *et seq*.

The defendants, appellants, on an affidavit applied for a continuance on account of the absence of a medical witness.   The appellee to avoid the continuance admitted that the witness, if present, would testify as stated in the affidavit.   After that

admission was used as evidence by the appellants, the appellee, over their objection and exception, read a letter from the witness to the appellee's attorney, as impeaching him. That this is error is beyond controversy. The question has been before the Supreme Court of Iowa, Alabama and Mississippi and the Appellate Court of the Fourth District of this State, and always decided the same way in language substantially like that of Judge Wilkins in C. & A. R. R. v. Lammert, 19 Ill. App. 135; State v. Shannehan, 22 Iowa, 435; Williamson v. Reel, 29 Iowa, 458; Pool v. Devers, 30 Ala. 672; Fulton v. Hughes, 63 Miss. 61; and see State v. Hickman, 75 Mo. 416. That the impeaching matter was in writing does not change the rule as to laying a foundation for its use. Matter of Noble, 124 Ill. 266.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*