## Oscar Helbig v. Citizens Insurance Company.

1. INSURANCE POLICY—*what establishes prima facie case upon.* A *prima facie* case upon a policy of insurance is established by the introduction of such policy and the proofs of loss.

2. INSURANCE POLICY—*presumption as to acceptance of.* In the absence of proof, the presumption is that the insured accepted the policy delivered to him.

3. INSURANCE POLICY—*when execution and delivery of, admitted.* In the absence of a verified plea denying the execution of the insurance policy in suit, or of a verification of the general issue, an insurance company must be held to have admitted the execution and delivery of such policy and that it went into effect at the time of such delivery.

Helbig v. Citizens Ins. Co.

4. INSURANCE POLICY—*what provision of, may be waived.* A· provision of an insurance policy providing that authority to cancel must be in writing, may be waived by the insured.

5. PREMIUM—*when insurance company estopped to deny payment of.* In the absence of fraud, an insurance company is estopped to prove, for the purpose of avoiding the policy, that the premium acknowledged therein to have been paid, was not, in fact, paid.

6. PREMIUM—*when proof of non-payment of, competent.* Notwithstanding the acknowledgment of payment in the policy, such proof may be competent upon the questions, in connection with other evidence, as tending to show that the insured refused to accept the policy, or as tending to prove its cancellation.

7. INTERESTED WITNESS—*when competent to testify to dealings with deceased agent.* A party in interest is competent to testify to a "transaction" with a deceased agent of defendant, such as payment made to him.

8. AGENT—*when admissions of, incompetent.* Admissions by an agent with respect to a past transaction and which do not form a part of the *res gestæ*, are incompetent and do not bind his principal.

9. IMPEACHMENT—*when right of, waived.* Where a party to avoid a continuance has admitted that an absent witness would, if present, testify to the particular matters set up in an affidavit for a continuance, he has thereby waived his right to impeach such witness by a method which required him to lay a foundation therefor.

Action of assumpsit. Error to the Circuit Court of McLean County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

PEIRCE & PEIRCE, for plaintiff in error.

BARRY & MORRISSEY, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by plaintiff in error against defendant in error, to recover the amount of a policy of insurance, upon furniture, etc., in the Phœnix Hotel in Bloomington, Illinois, totally destroyed by fire June 19, 1900. There have been three trials of the case by jury. The first resulted in a disagreement; the second, in a verdict and judgment against plaintiff in error, which was reversed by this court, upon writ of error, and the cause remanded (Helbig v. Citizens Ins. Co., 108 Ill. App. 625); and the third

likewise resulted in a verdict and judgment against plaintiff in error.

To the declaration, consisting of one special count upon the policy of insurance, defendant in error pleaded the general issue. Before the last trial, defendant in error, by leave of court, filed a special plea setting up a provision of the policy to the effect that no suit or action thereon to recover any loss or damage shall be brought unless commenced within twelve months next after the fire, and averring that the fire occurred June 19, 1900; that the suit was commenced June 18, 1901; that a final judgment was rendered June 14, 1902, from which no appeal was taken; that more than two years after the fire occurred plaintiff in error sued out a writ of error from the Appellate Court upon which the judgment of June 14, 1902, was reversed and the cause remanded; that the suing out of said writ of error was the commencement of a new suit, and that all subsequent proceedings are barred by the limitation clause in the policy. To this plea, a demurrer interposed by plaintiff in error was sustained by the court, and cross-error is assigned by defendant in error upon that ruling.

The writ of error, while a new suit, was a suit upon the record and not upon the policy, and the limitation clause in the policy cannot be held to apply. Helbig v. Citizens Ins. Co., *supra*. For the same reasons, the motion by defendant in error to dismiss the writ of error in this court, must be denied.

Error is assigned upon the action of the trial court in holding an affidavit for a continuance of the cause, because of the absence of a material witness, to be sufficient, by reason of which, plaintiff in error to avoid a continuance, admitted that the witness, if present, would testify to the matters averred in the affidavit. As the judgment in this case must be reversed and the cause remanded for another trial, for the errors hereinafter mentioned, we deem it unnecessary to discuss and determine the question raised by that assignment of error.

Upon the trial, plaintiff in error introduced in evidence

Helbig v. Citizens Ins. Co.

the policy of insurance and also offered in evidence his proofs of loss thereunder. Upon the statement of counsel for defendant in error that it denied all liability under the policy and thereby waived proofs of loss, the court excluded the proofs of loss as unnecessarily encumbering the record. Plaintiff in error then rested his case, whereupon defendant in error moved the court to give to the jury a peremptory instruction, for the reason no proof had been offered or made that plaintiff in error had paid the premium for the insurance sought to be recovered. The court having announced that such peremptory instruction would be given to the jury, plaintiff in error entered his cross-motion to re-open his case for the purpose of introducing evidence of the payment of such premium. The cross-motion was allowed and plaintiff in error proceeded to introduce such evidence.

Upon the introduction of the policy of insurance and proofs of loss, plaintiff in error made out a *prima facie* case. Ill. Fire Ins. Co. v. Stanton, 57 Ill. 354; Forehand v. Niagara Ins. Co., 58 Ill. App. 161; Merchants Nat. Ins. Co. v. Dunbar, 88 Ill. App. 574.

The language of the policy, "The Citizens Insurance Company of Missouri, in consideration of the stipulations herein named and of fifteen dollars, does insure Oscar Helbig," etc., must, in connection with proof of the delivery of the policy to plaintiff in error, be held to be an acknowledgment of the receipt of the premium, and it has been uniformly held in this State upon grounds of public policy that, in the absence of fraud, an insurance company is estopped to prove, for the purpose of avoiding the policy, that the premium acknowledged in the policy to have been paid, was not, in fact, paid. Ill. Central Ins. Co. v. Wolf, 37 Ill. 354; Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384.

Defendant in error contended upon the trial that plaintiff in error refused to accept the policy of insurance and that it never became a consummated, binding contract, and in any event, that the policy was cancelled by mutual agreement of plaintiff in error and the agent of defendant in error before the loss by fire. Under the facts in this case,

if the plea of the general issue has been verified, it would be competent for defendant in error to show that plaintiff in error did not in fact pay the premium, not for the purpose of avoiding the policy, but in connection with other proof, as tending to show that plaintiff in error refused to accept the policy as a binding, consummated contract of insurance. Defendant in error could not consummate a valid contract of insurance with plaintiff in error by merely delivering to him or leaving at his place of business, a policy of insurance, in the face of the protest of plaintiff in error that he did not want such policy and his refusal to accept it. In the absence of proof to the contrary, the presumption is that the insured accepted the policy delivered to him as a binding contract of indemnity, but such presumption is liable to be overcome by proof to the contrary, if such proof is competent under the pleadings. In the absence, however, of a verified plea denying the execution of the policy of insurance, or a verification of the general issue, defendant in error must be held to admit the execution and delivery of the policy as going into effect at that time. Firemen's Ins. Co. v. Barnsch, 161 Ill. 629.

Proof by defendant in error of the non-payment of the premium by plaintiff in error was, however, competent in support of the right of defendant in error to cancel the policy because of such non-payment. It was attempted to be shown by plaintiff in error, as a witness in his own behalf, that he had paid the premium to Mantel, the agent of defendant in error, at the time of the delivery of the policy, but upon the objection of the defendant in error, that the said Mantel had since died and that plaintiff in error was incompetent, under the statute, to testify as a witness to any transaction with such agent, plaintiff in error was not permitted so to testify. This was error. In support of the ruling, defendant in error cites Starr & Curtis, vol. 2, page 1836, par. 4, which is in part as follows : " In every action, suit or proceeding, a party to the same, who has contracted with an agent of the adverse party—the agent having since died—shall not be a competent witness, as to any conver-

Helbig v. Citizens Ins. Co.

sation or transaction between himself and such agent," etc.
It is insisted that the payment of the insurance premium
to Mantel, the deceased agent of defendant in error, was a
transaction within the meaning of that portion of the par-
agraph quoted, and plaintiff in error was therefore incom-
petent as a witness to show such payment. It is a sufficient
answer to this contention to say, that the word " transac-
tion" has not appeared in the section quoted, since its amend-
ment by act approved April 24, 1899, in force July 1, 1899,
Hurd's Stat., 1903, chap. 51, sec. 4, p. 935.

"Exhibits 2, 3 and 8" introduced on behalf of defendant
in error were improperly admitted over the objection of
plaintiff in error. They were letters written to defendant
in error by its agent Mantel, long after the execution and
delivery of the policy to plaintiff in error; were *ex parte*
statements, no part of the *res gestœ*, and were not compe-
tent for any purpose. The question at issue was the pay-
ment of the premium to the agent of defendant in error,
authorized to receive the same, and whether defendant in
error received the premium, was immaterial. "Exhibit 9"
was properly admitted in evidence, as it was shown to
have accompanied "Exhibit C 4," offered by plaintiff in
error, and was therefore competent as a part of the *res gestœ*.
"Exhibit 4," being a telegram, sent June 21, 1900, from
defendant in error to its agent Mantel, directing him to
receive no premium on the policy in question, "which you
report cancelled," and "Exhibit 7," being a certified copy
of an entry appearing upon the record of defendant in error
kept in its home office, designating the policy in question,
"Cancelled Jan. 7, 1900," were self serving, *ex parte* state-
ments by defendant in error, and were improperly admitted
in evidence.

It is urged that the court erroneously permitted the wit-
ness Hurst, a special agent of defendant in error, to testify
that he was verbally authorized to cancel and take up the
policy in question, and what effort he made to find plaintiff
in error to secure the policy, in pursuance to such authority,
for the reason that by the terms of the policy such authority
must be evidenced in writing. True, the policy provides,

that in any matter relating to the insurance thereby contracted, no person, unless duly authorized in writing, shall be deemed the agent of the insurer, but this provision was one subject to be waived by mutual consent of the parties, and there is evidence in the record tending to show that plaintiff in error by his conduct did waive it and agreed to surrender the policy to defendant in error upon the request of a person so authorized.

The court did not err in admitting the testimony of the witnesses Frank Mantel, Herman Schroeder, Henry Slaughter and Catherine Mantel. The evidence of these witnesses tended to show that plaintiff in error did not regard the policy as an executed, binding contract of indemnity; that he had refused to accept the same as such; that he had not paid the premium and had promised to surrender it to defendant in error. It is very doubtful, strictly speaking, whether upon the merits of this case under proper pleadings, a cancellation of the policy is properly involved. In that event the real issue might more properly be said to be, whether the policy ever became an executed, binding contract of insurance between the parties to it. If plaintiff in error, as the evidence tends to show, refused to accept the policy, and as a proposed party thereto repudiated it as his contract, there was no contract in existence to be cancelled.

Plaintiff in error, to avoid a continuance of the cause, having admitted that the witness August Boeker would, if present, testify to the matters stated in the affidavit, waived his right to impeach the witness by a method which required him to lay a foundation for such impeachment, and the ruling of the court upon that question was right. C. & A. Ry. Co. v. Lammert, 19 Ill. App. 135.

The views heretofore expressed dispose of the further questions involved in the giving, refusing and modifying of instructions, and a consideration of the instructions in detail would, therefore, involve a repetition substantially of what has been already said.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*