# Martha Hoyt, Appellee, v. Chicago City Railway Com= pany, Appellant.

## Gen. No. 16,128.

1. EVIDENCE—*what essential to impeachment.*    Contradictory or impeaching statements in order to be competent must have been made prior to the giving of the testimony the force of which is sought to be broken.

2. EVIDENCE—*what essential to introduction of impeaching.*    In order that impeaching testimony may properly be received a foundation therefor must be laid by calling the attention of the witness to the contradictory statements claimed to have been made by him.

3. EVIDENCE—*when photograph competent.*    *Held,* that the photograph of the plaintiff, taken before the accident was properly admitted.

4. INSTRUCTIONS—*when particular phrase will not reverse.*    An instruction upon the subject of damages, *held,* not erroneous because of the use of the phrase as applied to the estimate of damages ''from the facts and circumstances in evidence.''

5. INSTRUCTIONS—*when use of particular word will not reverse.* *Held,* that the use of the word ''usually'' in connection with the exercise of ordinary care, did not constitute reversible error.

6. INSTRUCTIONS—*referring jury to declaration for issues.*    *Held,* that it was not reversible error to refer the jury to the declaration for the issues without defining what such issues were.

Action in case for personal injuries.    Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909.    Reversed and remanded.    Opinion filed December 13, 1911.

BENJAMIN F. RICHOLSON and FERDINAND GOSS, for appellant.

H. W. STANDIDGE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is a suit to recover for personal injuries said to have resulted to appellee from being thrown from a street car belonging to appellant. Appellee recovered a judgment for $3,250. On the trial a statement in writing, claimed to have been made by one Dr. P. Hewetson to an agent of appellant, was, in accordance with a stipulation of the parties, read in evidence by appellant as the deposition of the doctor. The substance of the statement so read was that the doctor had treated appellee at several different intervals during a period of about twenty years prior to the accident for substantially all the troubles which appellee claimed on the trial were the result of injuries received at the time of the accident. In rebuttal appellee was permitted, over the objection of appellant, to prove that, after the statement in question was made by the doctor, a copy of the same had been shown him and that he had said, in substance, that it was not the appellee, but was the appellee's sister he had in mind, and referred to in the statement in question, as having been treated by him; that he had looked his books over and found no charge against appellee, but had found one against her sister.

Counsel for appellee now claims this was impeaching evidence and that, as the objection to it was only general, it was properly admitted; that the only objection that could have been availing was that no foundation for impeaching evidence had been laid. We are unable to agree with counsel in his major premise. The impeachment of witnesses by showing statements made by them out of court contrary to their testimony is of common occurrence, and may be properly resorted to whether the testimony of the witness sought to be impeached is given in open court or in a deposition. The contradictory or impeaching statements must, however, have been made prior to the giving of the testimony, the force of which is sought to be broken by the impeaching evidence. If this bare statement of this rule is not conclusive, mere reference to the further rule, requiring a foundation to be laid for such evidence by calling the attention of the witness to the contradictory language claimed to have been used by him, and the time when and the place where and the person to whom it was used before the impeaching evidence is admissible, shows its correctness.

No foundation for the introduction of the conversation, as impeaching evidence, could have been laid at the time the doctor gave his so-called deposition, for he had not then made the contradictory statements. What the witness testified the doctor said, that is claimed to be contradictory to his deposition, tended to show that he had made a mistake in his deposition, and that he had since discovered his error, and if it was true that he had made such a mistake, it was a fact which was pertinent to be shown by the doctor or any other person who had personal knowledge of it without laying any foundation for so doing, but which, like any other fact, must be shown by competent evidence and not by hearsay. That counsel who tried the case for appellee did not consider it impeaching evidence is shown by the reasons he gave to the court while urging

its admissibility. He then said, referring to this conversation and after telling the court what he expected to prove and when it occurred: ''Now that being a thing that occurred since the taking of the deposition, why couldn't we put that in proof at this stage when they have an opportunity to run it down.''

The doctor, not being a party to the suit, and the conversation, having taken place in the absence of appellant's officers, its recital by a third person was hearsay and incompetent. Even if the evidence admitted could be held to be proper impeaching evidence, it clearly could not have been properly admitted. The situation is not unlike a case in which an affidavit is filed in support of a motion for a continuance based on the absence of a material witness, and the opposite party, for the purpose of avoiding a continuance, admits that the witness, if present, would testify to the facts set out in the affidavit. In that class of cases it has been repeatedly held in this state that such opposite party cannot thereafter show that such witness had previously made statements in conflict with the facts stated in the affidavit. The Chicago & Alton R. R. Co. v. Lammert, 19 Ill. App. 135; North Chicago St. Ry. Co. v. Cottingham, 44 Ill. App. 46; City of Aurora v. Scott, 82 Ill. App. 616. In the case entitled In the Matter of Noble, 124 Ill. 266, the deposition of a witness had been taken and no proper foundation had been laid for his impeachment, and the opposite party offered in evidence an affidavit of the same witness, made and sworn to before the deposition had been taken and contradictory of his evidence, but the trial court excluded it, and the Supreme Court held its exclusion was proper. This line of cases seems to rest on the theory that by admitting that the witness will swear to the facts, as set out in the affidavit, or by taking a deposition without laying a proper foundation for impeachment, the right to impeach the witness by

showing conflicting statements made out of court is waived.

On the question of the assessment of damages, it was all important for the jury to determine whether the statement of the doctor read in evidence was true. The amount of the verdict would indicate that the jury did not believe that statement to be true. In coming to that conclusion it was inevitable that the fact that the evidence showed the doctor himself had said that statement was untrue had a great, if not a controlling influence on the jury. The error in the admission of the hearsay evidence in question was highly prejudicial, and for that error the judgment must be reversed.

Other errors are complained of. Such of them as involve the weight of the evidence and the amount of the verdict, it would be improper for us now to discuss in view of the fact that the case must be submitted to another jury. The complaint that the court erred in permitting appellee to violate the stipulation by which the statement of the doctor was read in evidence as his deposition is not well taken. The statement was read in compliance with such stipulation, and when read, it was entirely proper for appellee to show by any competent proof that the facts contained in it were not true. The truth of the statement was not admitted by stipulating that it might be read as the deposition of the witness. The complaint that the photograph of appellee taken before the accident was improperly admitted is without force. We conceive of no reason why a photograph shown by the evidence to be a correct representation of a person, at a time when the issues in the case render proof of the personal appearance of such person necessary or competent, may not be introduced in evidence as properly as a photograph of a locality or of any inanimate object.

Complaint is also made to the giving of instructions numbers 11, 29, 31 and 32. In instruction No. 11 the

jury were told that they could make their estimate of damages "from the facts and circumstances in evidence." It would have been better if the words "bearing on the question of damages" had been added, but we do not think it likely that a jury would, by this instruction as worded, be misled into trying to determine the amount of damages from evidence that did not throw light on that subject, particularly when no exemplary damages were asked.

Instruction No. 29 is a definition of ordinary care and contains the following clause, "as an ordinarily prudent woman would *usually* exercise," etc. The use of the word *"usually"* in that connection was criticized in Traction Co. v. Hansen, 125 Ill. App. 153; but its use was not in that case, nor has it been in any other case that we are aware of, held to be reversible error. It would be better to follow the beaten paths in drafting instructions, but the deviation from the approved form in this instruction is not in our opinion such error as should reverse the case. In Chicago City Ry. Co. v. O'Donnell, 208 Ill. 267, an instruction containing the same expression was approved, although the particular question here involved was not passed upon.

Instruction No. 31 states the law as to the preponderance of the evidence correctly, and has been frequently given and approved. Taylor v. Felsing, 164 Ill. 331. The case of Dowd v. Chicago City Ry. Co., 153 Ill. App. 85, was reversed for the refusal of the court to give this identical instruction.

Instruction No. 32 refers to the case made by allegations in the amended declaration. It is contended that the giving of this instruction was error, because the jury were not entitled to consider certain counts in the amended declaration, and because it referred the jury to the case made in the declaration without defining what the issues made by the pleadings were. Neither of these criticisms is tenable. The first objection is answered by saying that the court by other in-

structions in the series excluded from the consideration of the jury the counts referred to, and as to the last objection, the Supreme Court in Chicago City Railway Co. v. Foster, 226 Ill. 288, said: ''Instructions to the effect that, if the plaintiff has proved the defendant's negligence, as charged in the declaration, etc., then the verdict should be for the plaintiff, have always, so far as we know, been held good.'' While the giving of this instruction was not error, we feel constrained to say, where such an instruction is given, it is by far the better practice to instruct the jury what the issues made by the pleadings are.

For the error in the admission of evidence indicated the judgment must be reversed.

Judgment reversed and the cause remanded.

*Reversed and remanded.*