# Thomas J. Osborn, Appellee, v. City of Mt. Vernon, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

## Statement of the Case.

Action by Thomas J. Osborn, plaintiff, against the City of Mt. Vernon, defendant, in the Circuit Court of Jefferson county, to recover for injury to a horse. From a judgment for plaintiff for one hundred dollars,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant appeals. The action was commenced before a justice of the peace and appealed to the Circuit Court.

It appeared that plaintiff owned a horse which he hired to John Griggs to be used in delivering goods, which on May 20, 1914, was driven by Alva Thomas, a boy of the age of seventeen years. He had driven up Cherry street and had just passed on to 12th street and while driving in the center of the street the horse slid to the side of the street and fell into a catch-basin and was badly injured. The boy testified that at the time he passed on to 12th street he was driving at the rate of about seven or eight miles an hour.

It was stipulated that the street occupied and controlled by the city was of the width of sixty feet, and had been paved to a width of twenty-four feet.

The tracks made by the horse in sliding extended from about the center of the street east to the catch-basin. The catch-basin was at the outside of and adjacent to the paved portion of the street and was described by the mayor as being of the depth of twenty-four inches at the side next to the pavement, extending back to curb line thirty inches, and that north and south it was twenty-seven inches. The mayor knew of this catch-basin and at times it was covered over with a rock which lay at one side but had been removed so as to permit the water from the street to drain into the catch-basin. An ordinance was introduced in evidence providing that no horse should be driven faster than six miles per hour upon any street or alley in the city, nor faster than four miles per hour in turning a corner.

FRANK G. THOMPSON, for appellant.

JOEL F. WATSON and CONRAD SCHUL, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 195*—*when verdict should not be directed.* In an action against a city to recover for injury to a horse as a result of the defective condition of a catch-basin in a public street, the refusal of a motion by defendant for a peremptory instruction in its favor *held* not erroneous, there being evidence which with reasonable intendments tended to show negligence of defendant, and there being no evidence from which it could be said as a matter of law that the driver of the horse was not in the exercise of due care and caution.

2. APPEAL AND ERROR, § 1391*—*when evidence will not be discussed.* Where a judgment is reversed for errors of law, the Appellate Court will not commend on the weight of the evidence.

3. MUNICIPAL CORPORATIONS, § 970*—*what is duty as to care of streets.* A municipal corporation is bound to use reasonable care to keep its streets in a reasonably safe condition, and the duty includes keeping such streets reasonably free from obstructions throughout their entire width.

4. MUNICIPAL CORPORATIONS, § 1048*—*what care persons using street must exercise.* Persons traveling on a public street are bound to exercise due care and caution for their own safety while so traveling.

5. MUNICIPAL CORPORATIONS, § 1057*—*what constitutes want of due care in driving on street.* It is not necessarily a want of due care and caution to drive a horse on a public street at a speed prohibited by a city ordinance, as, for example, where without the fault of the driver the horse runs away and cannot be restrained by the exercise of due care on the part of the driver.

6. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence of driver of team question for jury.* In an action against a city to recover for injury to a horse as a result of a defective catch-basin in a public street, where it appears that at the time of the accident the horse was being driven along such street at a speed in violation of a city ordinance, the question of the contributory negligence of the driver is to be determined by the jury under all the evidence.

7. MUNICIPAL CORPORATIONS, § 1100*—*when instruction on care of streets erroneous.* An instruction that a city is bound to keep its streets in a reasonably safe condition is bad as requiring a greater degree of care than required by law.

8. INSTRUCTIONS, § 81*—*when instruction emphasizing particular facts erroneous.* An instruction pointing out particular facts as constituting negligence, if omitted, is bad.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. NEGLIGENCE, § 191*—*when question for jury.* It is for the jury to determine what facts constitute negligence in a particular case.

10. NEGLIGENCE, § 115*—*doctrine of comparative negligence not prevailing.* The doctrine of comparative negligence is not law in this State.

11. MUNICIPAL CORPORATIONS, § 1104*—*when instruction erroneous as directing facts constituting negligence and as assuming facts.* In an action against a city to recover for injury to a horse as a result of the defective condition of a catch-basin in a public street, an instruction that plaintiff could recover if the jury "believe from the evidence that the defendant was guilty of gross negligence in allowing the hole in the public street to remain open and unprotected, if proven, and in a dangerous condition, so that persons or animals passing along, across and over said street might fall in and be injured," *held* erroneous as directing the acts constituting negligence, and as assuming facts to be proved.

12. APPEAL AND ERROR, § 1565*—*when modification of requested instruction prejudicial error.* It is prejudicial error to modify a requested instruction ending "then you should find for defendant" by substituting the word "may" for the word "should," since the instruction as modified leaves a discretion to the jury to find for plaintiff, although they find the facts to be as stated in the instruction.

13. INSTRUCTIONS, § 154*—*when requested instructions should not be modified.* Requested instructions making it mandatory for the jury to find for such party under named conditions should not be modified by substituting words, leaving the jury discretion to find for the other party, even though the named conditions are found to exist.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.