### William S. Crawford, Executor of the estate of Alexander W. Crawford, deceased, Appellant, v. Chicago & Alton Railroad Company, Appellee.

1. RAILROADS—*contributory negligence of decedent at grade crossing accident is jury question.* In an action against a railroad for damages for the death of plaintiff's testator in a grade crossing accident, peremptory instructions for the railroad were properly refused, the question of contributory negligence being for the jury, where the evidence showed that decedent brought his automobile to a dead stop at the crossing, it being blocked on the first of several tracks by a freight train, that when the crossing was cleared by the cutting of the freight train he proceeded and was struck by defendant's train on a further track, that the crossing was filled with motor traffic moving in both directions which impeded decedent's progress, that his view was obstructed by the freight train, and is in conflict as to whether the flagman gave any signal, as to whether any bell or whistle was sounded and as to the speed of the train, although it was shown to have been in excess of the lawful limit.

2. RAILROADS—*violation of speed law at grade crossing as contributory negligence per se.* It is reversible error to instruct the jury, in effect, that violation of the statute limiting the speed of automobiles in crossing a railroad grade crossing to ten miles an hour is contributory negligence as a matter of law, where the evidence shows that decedent came to a dead stop before attempting to cross the track, which was blocked by a freight train, that the train which struck decedent was approaching on a further track at an unlawful rate of speed, that decedent's view was obstructed by the freight train, even after it had been cut to clear the crossing, and is in conflict as to whether the bell was rung or whistle sounded and as to whether the flagman gave any signal, it being for the jury to determine on all the evidence whether decedent's violation of the speed statute proximately contributed to the decedent's death.

3. CONTINUANCES—*admission that absent witness would testify as stated in affidavit for continuance as waiver of right of impeachment.* A defendant, who to avoid a continuance because of the absence of a material witness for plaintiff, admits that such witness would testify as stated in the affidavit for continuance, thereby waives his right to impeach such witness by introducing in evidence a statement made by the witness in conflict with the facts stated in the affidavit.

Crawford v. Chicago & Alton Railroad Co., 226 Ill. App. 138.

Appeal from the City Court of Alton; the Hon. LEVI D. YAGER, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed July 11, 1922.

VAUGHN & NEVINS and JESSE PEEBLES, for appellant.

C. E. POPE, for appellee; SILAS H. STRAWN, of counsel.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sued to recover for the death of his testator which was caused by a passenger train of appellee at a grade crossing in the Village of Wood River. In separate counts of his declaration he charged negligence generally; statutory negligence in failing to ring a bell or sound a whistle; and the violation of a speed ordinance. At the close of appellant's evidence, and again at the close of all the evidence, appellee requested and the court refused to instruct the jury to return a verdict in its favor.

The street in question runs east and west and is crossed almost at right angles by two or three tracks of the Terminal Company and by those of the Big Four Railroad Company, the Chicago & Alton Railroad Company and the Traction System. All of those tracks run parallel and practically north and south. A flagman is stationed at the east side and another at the west side of the crossing. In approaching from the east a traveler encounters the tracks in the order above stated. At the time in question the deceased was driving an automobile from the east and when he approached the crossing he came to a full stop with his car to the north of the center of the street and waited several minutes because the crossing was blocked by a freight train switching back and forth on one of the Terminal tracks. While he waited a number of automobiles came up and stopped. One, at least, was standing west of the train waiting to

cross to the east. The train was finally cut and the crossing cleared to allow the automobiles to cross. When that was done all of the cars started and there was some confusion because of cars going in both directions and one car cut in ahead of the deceased. At that time appellee's train was coming from the south but on the Big Four track. Some of the witnesses say that the flagman was then near his shanty about two feet from the sidewalk on the south side of the street talking to a man and gave no signal to the drivers of the cars; others say they saw no flagman, while some of those for appellee and the flagman, himself, say that he was out in the street and held up his "stop" sign.

The evidence tends to show that at the time of the accident the view of the deceased of the approaching train was more or less obstructed by cars, fences, etc. That on behalf of appellant tends to show that the train was running at a speed of forty to fifty miles per hour, while that for appellee is to the effect that the speed was from eighteen to thirty-five miles per hour. The ordinance limited the speed to ten miles per hour. There is a conflict in the evidence as to whether the bell was rung or the whistle sounded prior to the instant it became apparent that a collision was inevitable.

Under this state of the evidence the question of contributory negligence was for the jury and the trial court very properly refused the peremptory instructions requested by appellee. *Gibbons v. Aurora, E. & C. R. Co.*, 263 Ill. 266.

A person approaching a railroad crossing in a city or village may presume that the company will not run its train at a rate of speed prohibited by ordinance, and contributory negligence cannot be imputed to such person for a failure to anticipate that the company would violate the ordinance. *Dukeman v. Cleveland, C., C. & St. L. R. Co.*, 237 Ill. 104. Contributory negli-

gence is a question for the jury even though the view of an approaching train is not obstructed where the attention of the traveler is directed to another train on a parallel track and to his team. *Gibbons v. Aurora, E. & C. R. Co.*, 263 Ill. 266.

Appellee offered some evidence to the effect that deceased was driving his car at a higher rate of speed than ten miles per hour as he approached and drove upon the Big Four track upon which he was struck by appellee's train. Appellant had offered no evidence in regard to that matter in chief and the court refused to allow him to make proof thereof in rebuttal.

The court gave the following instruction to the jury at the request of appellee:

"The court instructs the jury that the statutes of the State of Illinois provide as follows: 'Upon approaching any highway crossing and railroad at grade, the person controlling the movement of any self-propelled vehicle shall reduce the speed of such vehicle to a rate of speed not to exceed ten (10) miles per hour.'

"The court instructs you that this is a valid and subsisting law of the State of Illinois, and no damages can be recovered by one who is injured or for one who is killed who violates this law, and if you believe from the evidence in this case that deceased, Crawford, just before and at the time of the collision, was driving his automobile at a rate of speed in excess of ten miles per hour, then the court instructs you to find the defendant railroad company not guilty."

The effect of that instruction was to declare, as a matter of law, that deceased was guilty of contributory negligence if he violated that statute. It must be remembered that deceased had come to a full stop when he reached the tracks of the Terminal Company at this crossing. When he passed over the first tracks there was a flagman, but there is a conflict in the evidence as to whether he gave any signal. One witness testified that the flagman was about two feet from the

142    APPELLATE COURTS OF ILLINOIS.

Crawford v. Chicago & Alton Railroad Co., 226 Ill. App. 138.

sidewalk talking to a man; that after the collision witness ran by them to the place of the accident and the man to whom the flagman was talking asked the witness what was the matter. This, in connection with other testimony, would tend to show that the flagman was not attending to his duties.

By stationing a flagman at a crossing and making it his duty to display proper signals of warning whenever an engine or train is approaching, the public has a right to rely upon the absence of signals of warning and presume that the tracks are clear. *Chicago, M. & St. P. Ry. Co. v. Wilson,* 133 Ill. 55.

A jury is properly instructed to find for the defendant if the plaintiff was guilty of any negligence which contributed in any degree to bring about his injury. *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544. But the question of contributory negligence is one of fact to be submitted to the jury, unless the undisputed evidence is so conclusive that all reasonable minds would reach the same conclusion on the question. *Chicago City Ry. Co. v. Nelson,* 215 Ill. 436.

A plaintiff was riding in a buggy in the night without a light in violation of a city ordinance and was struck by a car of the street railway company. He brought suit and the defendant offered the ordinance in evidence, but it was excluded by the court. The Supreme Court said: "In view of these facts we are of the opinion that it was proper to make proof that the vehicle in which the parties, at the time of the accident, were riding, was being driven upon the street in violation of law, which proof would have raised the presumption that all the occupants of the buggy were, as a matter of law, guilty of negligence, which negligence, if it was the proximate cause of the injury, would defeat a recovery." *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460-465.

Although the running of a train at a rate of speed of more than twelve miles an hour, in violation of an

ordinance, may be negligence *per se*, yet it is a question of fact whether such negligence so far contributed to the death of the engineer having the train in charge as to preclude a recovery. *Lake Shore & M. S. Ry. Co. v. Parker*, 131 Ill. 557. This court held that where a plaintiff was driving at a speed in violation of a city ordinance and his horse was injured the question of the contributory negligence of the driver was to be determined by the jury under all the evidence. *Osborn v. City of Mt. Vernon*, 197 Ill. App. 267.

"Even if deceased had been engaged in the violation of an ordinance, to bar a recovery on that ground it must appear that such violation of the ordinance was the proximate and efficient cause of the injury." *Star Brewery Co. v. Hauck*, 222 Ill. 348-352. "If plaintiff was guilty of any negligence not contributing to the injury, such negligence could not be contributory negligence." *St. Louis Nat. Stock Yards v. Godfrey*, 198 Ill. 288-296.

Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred. 7 Amer. & Eng. Encyc. of Law (2nd Ed.) 371; 29 Cyc. 505; *St. Louis Nat. Stock Yards v. Godfrey*, 198 Ill. 288-296.

There must be a proximate connection between the failure to exercise ordinary care and the injury, so direct and immediate that but for such want of ordinary care the injury would not have occurred. 7 Amer. & Eng. Encyc. of Law (2nd Ed.) 273.

Before an illegal act or omission can be held contributory negligence, it must appear that such act or omission was a proximate cause of the injury. 7 Amer. & Eng. Encyc. of Law (2nd Ed.) 401.

We are of the opinion that under the foregoing decisions of our Supreme Court and the evidence in this

record, the jury should have been permitted to say whether the violation of the statute in question contributed to the death of the deceased.

When the case was called for trial appellant moved for a continuance because of the absence of a material witness and supported his motion by an affidavit which set out what he expected to prove by the witness. Appellee admitted that the witness would so testify and the motion was overruled. On the trial appellant read that part of the affidavit setting out the testimony of the witness. The court, over objection, permitted appellee to introduce in evidence a statement made by the absent witness that was very much in conflict with the facts which were stated in the affidavit for continuance.

Where a party to avoid a continuance has admitted that an absent witness would, if present, testify to the particular matters set up in the affidavit for continuance, he has thereby waived his right to impeach such witness by a method which required him to lay a foundation therefor. *Helbig v. Citizens Ins. Co.,* 120 Ill. App. 58; *Chicago & A. Ry. Co. v. Lammert,* 19 Ill. App. 135.

Because of the errors aforesaid the judgment is reversed and the cause remanded.